**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>VHAVNA KUMARI DAMAI,<br><br>　　　　　Defendant. | CRIMINAL CASE NO. 20-00020<br>CIVIL CASE NO. 23-00018<br><br><br>**DECISION AND ORDER RE MOTION FOR INEFFECTIVE ASSISTANCE OF COUNSEL UNDER 28 U.S.C. § 2255** |

　　　　Before the court is Defendant Vhavna Kumari Damai's Motion for Ineffective Assistance of Counsel Under 28 U.S.C. § 2255. *See* Mot., ECF No. 109.[1] She is proceeding *pro se* in this case. *Id.* The Motion is fully briefed, and the court deems it suitable for submission without oral argument. For the reasons stated herein, the Motion is **DENIED**.

## I.　FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

　　　　On March 11, 2021, Defendant pled guilty to Count 1, Conspiracy to Distribute 50 or More Grams of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii) ("Count 1"). *See* Plea Agreement, ECF No. 35, and Min. Entry, ECF No. 37.

　　　　In the plea agreement, Plaintiff United States of America and Defendant "agree[d]" that

---

[1] There are two cases open in this matter, Civil Case No. 23-00018 and Criminal Case No. 20-00020. For the purpose of this order, the court will cite only to Criminal Case No. 20-00020.

[2] Page citation herein is based on the CM/ECF page numbering system.

in order to convict her of Count 1, Plaintiff would have to prove beyond a reasonable doubt that (1) there was an agreement between two or more persons to distribute 50 or more grams of methamphetamine hydrochloride and (2) Defendant "joined in the agreement knowing of its purpose and intending to help accomplish that purpose." *Id.* at 4. Defendant agreed that these elements were met. *See id.* at 5 and Transcript at 12-13, ECF No. 115.

At the Change of Plea hearing, the court inquired whether Defendant understood the terms of the plea agreement and if she was entering into the plea agreement based on her own free will, Defendant answered affirmatively to both questions. *See* Transcript at 5-6, ECF No. 115. The court also asked Defendant whether she entered into the plea agreement by force or threat and Defendant answered no. *Id.* at 6.

Defendant acknowledged during the Change of Plea hearing that by entering into the plea agreement she "waive[s] or give[s] up [her] right to appeal or collaterally attack [her] conviction." *Id.* at 10. Defendant also acknowledged that she may only bring a postconviction motion on the "grounds of ineffective assistance of counsel based on information not known by [her] and which in the exercise of due diligence could not have been known by [her] at the time of sentencing[.]" *Id.* 10-11.

The court also inquired with Defendant if she understood the following about the crime:

THE COURT: The essential elements of the offense are as set forth in paragraph 5 of the plea agreement on page four. In order to convict you of conspiracy to distribute 50 or more grams of methamphetamine hydrochloride in violation of 21 U.S.C. Section 846 and 841(A)(1) and (B)(1)(A)(8), as charged in Count 1 of the indictment, the Government would have to prove each of the following elements beyond a reasonable doubt.

First, that beginning on or about January 1st, 2019 and ending on or about July 5th, 2020, there was an agreement between two or more persons to distribute 50 grams or more of methamphetamine hydrochloride, a Schedule 2 controlled substance. And second, you, the Defendant joined in the agreement, knowing of its purpose and intending

1    to help accomplish that purpose.

2        Do you understand these elements?

3        THE DEFENDANT: Yes, sir.

4    *Id*. at 12-13. The court ultimately found Defendant to be "fully competent and capable" of

5    entering into the "informed plea," that she is "aware of the nature of the charge and the

6    consequence of the plea[,]" that the plea is a "knowing and voluntary plea supported by an

7    independent basis in fact, containing each of the essential elements." *Id.* 13-14.

8        On April 27, 2023, Defendant was sentenced to seventy-eight months of imprisonment

9    with credit for time served, followed by three years of supervised release. *See* Judgment at 2-3,

10    ECF No. 102.

11        On July 3, 2023, Defendant filed the instant Motion, ECF No. 109, and Plaintiff filed a

12    response on August 10, 2023, ECF Nos. 120 and 122. Defendant did not file a reply.

13    **II. DISCUSSION**

14        **a.  Title 28 of the United States Code, Section 2255(a)**

15        Defendant moves to vacate her conviction, pursuant to 28 U.S.C. § 2255(a), based on an

16    ineffective assistance of counsel claim. *See* Mot., ECF No. 109.

17        To obtain relief under § 2255, a federal prisoner must allege a constitutional,

18    jurisdictional, or otherwise "fundamental defect which inherently results in a complete

19    miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair

20    procedure."[3] *Hill v. United States*, 368 U.S. 424, 428 (1962). The Ninth Circuit has held that "by

21    its plain terms, § 2255 is available only to defendants who are [(1)] in custody and [(2)] claiming

---

[3] The defendant may bring its § 2255 claim upon "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

the right to be released." *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002) (quoting *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999)).

Here, Defendant is in custody, but her 28 U.S.C. § 2255 Motion fails to claim that she has the right to be released. Nonetheless, the court will construe the Motion as though defendant did ask for the right to be released because the court construes *pro se* motions liberally. *See United States v. Seesing*, 234 F.3d 456, 462-63 (9th Cir. 2000).

### b.  Defendant Waived her Right to File a 2255 Motion

In Defendant's plea agreement, she waived her right to bring a 28 U.S.C. § 2255 motion. *See* Plea Agreement at 16, ECF No. 35. "[A] defendant may waive his right to . . . collaterally . . . attack his plea or sentence." *United States v. Rodriguez*, 49 F.4th 1205, 1211-12 (9th Cir. 2022). A waiver of the right to collaterally attack a plea or sentence will be enforced "if '(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *Id.* at 1212 (quoting *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017)) (alteration in original).

#### i.  The Language of Defendant's Waiver Encompasses the Right to File a 28 U.S.C. § 2255(a) on Grounds Raised

Defendant's plea agreement expressly encompasses her waiver of the right to collaterally attack her conviction pursuant to 28 U.S.C. § 2255. *See* Plea Agreement at 16, ECF No. 35. The plea agreement states,

> Defendant . . . waives her right to file any post-conviction motion attacking her conviction, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

*Id.* and *see United States v. Hollins*, 70 F.4th 1258, 1261 (9th Cir. 2023) (holding that the court enforces waiver when "its language clearly and unambiguously encompasses the defendant's

right to appeal on the grounds raised."). While Defendant raises an ineffective assistance of counsel claim, the claim is not based on new information not known by Defendant at the time of sentencing. *Id.*

Defendant argues that Plaintiff cannot prove its conspiracy charge because it was only Defendant mentioned in the indictment, not a second person and, thus, the "counts should be dismissed as a jurisdictional defect." *See* Mot., ECF No. 109. However, the basis for Defendant's instant Motion is not predicated on new information unknown to her or information, in the exercise of due diligence, that could not have been known to her at the time of sentencing. Defendant was aware that she was the only person charged under Count 1 when she received the indictment. *See* Indictment at 1, ECF No. 1. In the plea agreement, Defendant acknowledged understanding the elements Plaintiff would need to prove which alleged only Defendant and did not name a second person. *See* Plea Agreement at 4, ECF No. 35. Defendant admitted in her plea agreement that she "agreed with two or more persons" in the conspiracy to distribute drugs. *Id.* at 5. Additionally, at the Change of Plea hearing, Defendant assented to understanding the elements of the conspiracy charge and to the facts supporting the charge. *See* Transcript at 12-14, ECF No. 115. Therefore, Defendant waived her right to bring this type of ineffective assistance of counsel claim, because the Motion is based on information known to her at the time of sentencing.

### ii. The Waiver was Knowingly and Voluntarily Made

The court "assess[es] the knowing and voluntary nature of . . . [a] collateral-attack waiver by assessing the knowing and voluntary nature of the plea agreement as a whole." *Rodriguez*, 49 F.4th at 1212. A defendant enters into a plea agreement knowingly "if the defendant understands the terms, and to a certain extent, the consequences of the agreement." *Id.* (citing *United States v. Lo*, 839 F.3d 777, 783-85 (9th Cir. 2016)). A defendant enters into a plea agreement voluntarily "if the defendant is not 'induced by promises or threats' to enter the

1   agreement." *Id.* (quoting *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007)).

2       Here, the record demonstrates that Defendant entered into the plea agreement knowingly

3   and voluntarily by the statements made under oath at her Change of Plea hearing, which "carry a

4   strong presumption of truth." *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012); *see also*

5   *Creech v. Richardson*, 59 F.4th 372, 393 (9th Cir. 2023). Specifically, at the Change of Plea

6   hearing, Defendant answered affirmatively when asked whether she understood that she was

7   waiving her right to collaterally attack her sentence except for a motion brought on ineffective

8   assistance of counsel based on information not known to the Defendant at the time of sentencing.

9   *See* Transcript at 10-11, ECF No. 115. Defendant answered affirmatively that she understood the

10  consequences of entering into a plea agreement and denied that she was threatened in any way to

11  enter into the plea agreement. *Id.* at 5-6 and 8.

12          **c. Ineffective Assistance of Counsel**

13      A defendant may bring an ineffective assistance of counsel claim under 28 U.S.C. § 2255

14  in collateral proceedings. *United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022). To bring

15  a successful ineffective assistance of counsel claim, a defendant must demonstrate "(1) that his

16  attorney's performance fell 'below an objective standard of reasonableness'; and (2) prejudice: 'a

17  reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

18  would have been different." *Rodriguez*, 49 F.4th at 1213 (citing *United States v. Quintero-*

19  *Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (quoting *Strickland v. Washington*, 466 U.S. 668,

20  687-88 (1984)). Although there are two prongs that must be satisfied to bring a successful

21  ineffective assistance of counsel claim, "there is no reason for a court deciding an ineffective

22  assistance claim to . . . address both components of the inquiry if the defendant makes an

23  insufficient showing on one." *Strickland*, 466 U.S. at 697. The determination by the court should

24  "not become so burdensome to defense counsel that the entire criminal justice system suffers as a

1    result." *Id.*

2        To show that the counsel's performance fell below the objective standard of

3    reasonableness, "[a] convicted defendant . . . must identify the acts or omissions of counsel that

4    are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The

5    court then must decide "whether, in light of all the circumstances, the identified acts or

6    omissions were outside the wide range of professionally competent assistance" and keep in mind

7    that "counsel is strongly presumed to have rendered adequate assistance and made all significant

8    decisions in the exercise of reasonable professional judgment." *Id.* The court must fairly assess

9    the performance of the attorney by making "every effort . . . to eliminate the distorting effects of

10   hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

11   conduct from counsel's perspective." *Id.* at 689.

12       Defendant argues that her counsel failed to challenge a jurisdictional defect,[4] specifically,

13   that Plaintiff "could not prove a single conspiracy alleged in the indictment" because there was

14   no second person named in the indictment. *See* Mot., ECF 109. However, the Ninth Circuit has

15   held the opposite, stating that "as long as the disposition of the case against a coconspirator does

16   not remove the basis for the charge of conspiracy, a single defendant can be convicted of the

17   offense based upon proof of overt acts committed by the coconspirator not tried or not

18   convicted." *United States v. Jones*, 425 F.2d 1048, 1058 (9th Cir. 1970).

19       Here, Defendant's counsel's assistance did not fall below the objective standard of

20   reasonableness for failing to challenge the conspiracy charge, which named only Defendant and

21   not a second person, because "[i]t is not necessary, to sustain a conviction for a conspiracy, that

---

[4] Defendant argues that the court should dismiss the case because of a jurisdictional defect "as there is a lack of subject matter jurisdiction even if brought up for the first time on appeal." *See* Mot., ECF No. 109 (citing FED. R. CRIM. PRO. 11). Defendant does not argue why the court lacks subject matter jurisdiction and her Motion is not an appeal, but instead is a collateral attack of her conviction under 28 U.S.C. § 2255.

1   co-conspirators be charged." *Ng Pui Yu v. United States*, 352 F.2d 626, 633 (9th Cir. 1965). It

2   was reasonable for Defendant's counsel not to challenge the conspiracy charge because the

3   indictment only needed to identify Defendant as a person part of the conspiracy and did not need

4   to name every person in the conspiracy. *Id.* The Defendant fails to meet the first prong of the

5   ineffective assistance of counsel analysis and, therefore, the court will not address the prejudice

6   prong. *Strickland,* 466 U.S. at 697.

### d.  An Evidentiary Hearing is Not Necessary

8       Section 2255 requires the court to hold an evidentiary hearing unless a defendant's

9   "motion and the files and the records of the case conclusively show that the prisoner is entitled to

10  no relief." *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (quoting *Baumann v.*

11  *United States*, 692 F.2d 565, 570 (9th Cir. 1982)). "The district court has discretion to deny an

12  evidentiary hearing on a § 2255 claim where the files and records conclusively show that the

13  movant is not entitled to relief." *Id.*

14      Here, Defendant has not established a successful ineffective assistance of counsel claim,

15  therefore, she is not entitled to relief under § 2255. The records of Defendant's case

16  "conclusively show" that Defendant is not entitled to relief because she waived her right to bring

17  an ineffective assistance of counsel claim based on information known to the defendant at the

18  time. *Mejia-Mesa*, 153 F.3d at 929. Defendant's claim that the indictment should have contained

19  a second person under the conspiracy charge is not based on new information unknown to her at

20  the time of sentencing. Defendant was aware that she was the only person charged under Count 1

21  when she received the indictment, she acknowledged to understanding the elements Plaintiff

22  would need to prove in the plea agreement, she assented to understanding the elements of the

23  conspiracy charge, and admitted to conspiring with two or more people to distribute

24  methamphetamine in the plea agreement. *See* Indictment at 1, ECF No. 1, Plea Agreement at 4-5,

ECF No. 35, and Transcript at 12-13, ECF No. 115. Therefore, the court finds that an evidentiary hearing is not necessary.

### e. Certificate of Appealability

"Habeas Corpus Rule 11(a) requires district judges to decide whether to grant or deny a [Certificate of Appealability ("COA")] in the first instance." *Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012). Rule 11(a) states,

> [t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

However, a court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) and *see McGill v. Shinn*, 16 F.4th 666, 678 (9th Cir. 2021). This requires demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the court's determination above, the court concludes that the Defendant has failed to make a substantial showing of a denial of a constitutional right and that jurists of reason would not find it debatable whether the court was correct in any substantive or procedural ruling. The court declines to grant the Defendant a certificate of appealability.

### III. CONCLUSION

Based on the foregoing, the court **DENIES** Defendant's Motion for Ineffective Assistance of Counsel Under 28 U.S.C. § 2255.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Feb 16, 2024